UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JOSHUA DANIEL SCOTT                                            PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:17CV-P52-GNS

TOMMY HENDERSON et al.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joshua Daniel Scott, a prisoner incarcerated in the Fulton County Detention Center (FCDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the official-capacity claims and allow the Eighth Amendment individual-capacity claims to proceed.

**I. SUMMARY OF CLAIMS**

Plaintiff identifies the following three Defendants in the complaint: (1) Tommy Henderson, an employee of the City of Hickman; (2) Jeff Johnson, Chief Deputy Jailer for the FCDC; and (3) Carroll Powell, Acting Jailer for the FCDC. Plaintiff indicates that he is suing Defendants in both their individual and official capacities. He seeks monetary damages and "to be seen by medical staff other than the Medical Dept. at Fulton County Jail."

According to Plaintiff, on or about January 12, 2017, he "was in a accident which hurt [his] back and wrist real bad." Plaintiff states that Defendant Henderson "ran the bus he was driving off the road." Plaintiff states that Defendant Henderson denied Plaintiff "medical treatment by refusing to call the police instead he calls [Defendant Johnson] at the jail and

[Defendant Johnson] comes to the accident and picks [Plaintiff] up without contacting police of the accident."

According to Plaintiff, Defendant Johnson placed Plaintiff "in his car and instead of taking [Plaintiff] to the hospital he takes [Plaintiff] back to the jail." Plaintiff states that he told Defendant Johnson that he was hurt and needed medical attention, but Defendant Johnson "ignored [Plaintiff] and [Plaintiff] was given a urine test and once [Plaintiff] passed was seen by medical staff at the jail." Plaintiff states that Defendant Powell "was told of the accident and has still refused to have [Plaintiff] seen by medical staff other than the jails medical so she has denied me proper medical care."

Plaintiff asserts that "[t]his whole situation has been covered up any time a accident happens the police must make a report of it this never happen because [Defendant Henderson] failed a drug test and lost his job so he must have been high at the time of the accident." According to Plaintiff, his "civil rights as a inmate have been violated and still are the medical staff at the jail hasn't x-rayed [his] back or wrist or anything, its clear a cover up is going on why would a police report not be made in such a situation . . . ."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

Plaintiff fails to state what constitutional rights he believes have been violated. The Eighth Amendment requires "prison officials [to] ensure that inmates receive adequate food,

clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Accordingly, the Court construes the complaint as alleging claims under the Eighth Amendment.

## A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Plaintiff's official-capacity claim against Defendant Henderson is actually against his employer, the City of Hickman, and the official-capacity claims against Defendants Johnson and Powell are actually against their employer, Fulton County. *Id.* at 166; *see also Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights,*

4

*Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the City of Hickman or Fulton County are responsible for the alleged constitutional violations.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691 (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) ("A municipality may be held liable under § 1983 if the municipality itself caused the constitutional deprivation.").  "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *see also Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993) ("Congress did not intend § 1983 liability to attach where causation is absent.").  Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that a municipal policy or custom of the City of Hickman or a policy or custom of Fulton County caused his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by either the City of Hickman or Fulton County, the complaint fails to establish a basis of liability against the City of Hickman and Fulton County, and it fails to state a cognizable § 1983 claim.

Accordingly, the official-capacity claims will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Plaintiff asserts an Eighth Amendment claim against Defendant Henderson regarding deliberate indifference to Plaintiff's safety. Upon consideration, the Court will allow this claim to proceed against Defendant Henderson in his individual capacity.

Plaintiff also asserts an Eighth Amendment claim regarding deliberate indifference to his serious medical need against Defendants Johnson and Powell. Upon consideration, the Court will allow these claims to proceed against Defendants Johnson and Powell in their individual capacities.

### IV. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the following claims will proceed:

(1) The Eighth Amendment claim against Defendant Henderson in his individual capacity for deliberate indifference to Plaintiff's safety;

(2) The Eighth Amendment claim against Defendant Johnson in his individual capacity for deliberate indifference to Plaintiff's serious medical need; and

(3) The Eighth Amendment claim against Defendant Powell in her individual capacity for deliberate indifference to Plaintiff's serious medical need.

The Court passes no judgment on the merit or ultimate outcome of this case. The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claims.

Date: August 16, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Fulton County Attorney
    Hickman City Attorney
4416.003